## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CAROL A. WILSON, : | |
| Administrator of Ohio : | |
| Operating Engineers Health : | |
| and Welfare Plan, Ohio : | |
| Operating Engineers Pension : | |
| Fund, Ohio Operating Engineers : | |
| Apprenticeship and Training Fund, : | |
| and Ohio Operating Engineers Education : | |
| and Safety Fund : | |
| 1180 Dublin Road : | Civil Action No. 2:19-cv-00475 |
| Columbus, Ohio  43212, : | |
| : | Judge |
| and : | |
| : | Magistrate Judge |
| Trustees of the Ohio Operating : | |
| Engineers Health and Welfare : | |
| Plan, Ohio Operating Engineers : | |
| Pension Fund, Ohio Operating : | |
| Engineers Apprenticeship and Training Fund, : | |
| and Ohio Operating Engineers : | |
| Education and Safety Fund : | |
| 1180 Dublin Road : | |
| Columbus, Ohio  43212, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| Brandywine Country Club, Inc. : | |
| 5555 Akron Peninsula Road : | |
| Peninsula, Ohio 44264-9528, : | |
| : | |
| Defendant. : | |

## **COMPLAINT**

JURISDICTION AND VENUE

1. Jurisdiction of this Court is based upon 29 U.S.C. §§ 1132(a)(3) and 1145, as the action arises from Defendant's violation of and continued refusal to comply with the terms and provisions of collectively bargained agreements, trust agreements, and employee-benefit plans.  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and S.D. Ohio Civ. R. 82.1.

COUNT I

2. Plaintiff The Trustees of the Ohio Operating Engineers Health and Welfare Plan (the "Health and Welfare Trustees") are the duly appointed, qualified, and acting trustees of the trust established as part of the Ohio Operating Engineers Health and Welfare Plan by Amended Agreement and Declaration of Trust dated November 29, 1977, as amended (the "Health and Welfare Trust") between the Labor Relations Division of the Ohio Contractors Association; the Associated General Contractors of America, and other employer associations; and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Health and Welfare Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Health and Welfare Trust.  The Health and Welfare Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1)-(3), and 29 U.S.C. § 1132.  The Health and Welfare Trust is administered in Columbus, Ohio.

3. The Health and Welfare Trustees have authorized Carol A. Wilson, Administrator of the Ohio Operating Engineers Health and Welfare Plan, to bring this claim and to seek the remedy prayed for on their behalf and on behalf of the participants and beneficiaries of the Health and Welfare Trust and employee benefit plan.

4. Brandywine Country Club, Inc. ("Defendant") is an Ohio corporation with its principal place of business in Peninsula, Ohio, and at all relevant times has been engaged in an industry affecting commerce, i.e., contracting work.

5. Defendant is an employer engaged in commerce and in an industry affecting commerce within the meaning of 29 U.S.C. § 1003.

6. Defendant executed a collective bargaining agreement on October 1, 2014 (the "Collective Bargaining Agreement"), by the terms of which Defendant also became a party to the Agreement and Declaration of Trust (the "Health and Welfare Trust Agreement") that established the Ohio Operating Engineers Health and Welfare Plan, and became bound by the terms and conditions set forth therein. A copy of the signatory page of the Collective Bargaining Agreement is attached and marked "Exhibit A" and incorporated herein. The Collective Bargaining Agreement and the Health and Welfare Trust Agreement contain provisions whereby Defendant agreed to make timely payments to the Health and Welfare Trustees for each employee covered by these agreements.

7. Defendant has failed to make timely payments to the Health and Welfare Trustees for each covered employee and has failed to perform the obligations imposed by the terms and conditions of the Collective Bargaining Agreement and the Health and Welfare Trust Agreement.

8. The Trustees' Field Auditor audited Defendant's payroll records on October 12, 2018. This audit disclosed unpaid contributions for the period December 1, 2015 to October 1, 2018 that were owed to the Health and Welfare Trustees. Specifically, Defendant is delinquent in making contributions to the Health and Welfare Trustees in the total amount of $1,922.40.

COUNT II

9. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 8 above as fully as if rewritten herein and further state that the Trustees of the Ohio Operating Engineers Pension Fund (hereinafter referred to as the "Pension Trustees") are the duly appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating Engineers Pension Fund by Amended Agreement and Declaration of Trust dated November 29, 1977, as amended (the "Pension Trust") between the Labor Relations Division of the Ohio Contractors Association; the Associated General Contractors of America; other employer associations; and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce. The Pension Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Pension Trust. The Pension Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1)-(3) and 29 U.S.C. § 1132. The plan is administered in Columbus, Ohio.

10. The Pension Trustees have authorized Plaintiff Carol A. Wilson, Administrator of the Ohio Operating Engineers Pension Fund, to bring this claim and to seek the remedy prayed for on their behalf, and on behalf of the participants and beneficiaries of the Pension Trust and employee benefit plan.

11. Under the provisions of the Collective Bargaining Agreement, Defendant became a party to the Agreement and Declaration of Trust (the "Pension Trust Agreement") that established the Ohio Operating Engineers Pension Fund, and became bound by the terms and conditions set forth therein. The Collective Bargaining Agreement and the Pension Trust

4

Agreement contain provisions whereby Defendant agreed to make timely payments to the Pension Trustees for each employee covered by these agreements.

12. Defendant has failed to make timely payments to the Pension Trustees for each covered employee and has failed to perform the obligations imposed by the terms and conditions of the Collective Bargaining Agreement and the Pension Trust Agreement.

13. The Trustees' audit disclosed unpaid contributions owed for the period December 1, 2015 to October 1, 2018, to the Pension Trustees.  Defendant is delinquent in making contributions to the Pension Trustees in the total amount of $1,440.00.

COUNT III

14. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 13 above as fully as if rewritten herein and further state that the Trustees of the Ohio Operating Engineers Education and Safety Fund (the "Education and Safety Trustees") are the duly appointed, qualified and acting trustees of the trust established as a part of the Ohio Operating Engineers Education and Safety Fund by Amended Agreement and Declaration of Trust dated May 9, 1992, as amended (the "Education and Safety Trust") between the Labor Relations Division of the Ohio Contractors Association; the Associated General Contractors of America; other employer associations; and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce. The Education and Safety Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Education and Safety Trust.  The Education and Safety Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1)-(3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

15. The Education and Safety Trustees have authorized Plaintiff Carol A. Wilson, Administrator of the Ohio Operating Engineers Education and Safety Fund, to bring this claim and to seek the remedy prayed for on their behalf, and on behalf of the participants and beneficiaries of the Education and Safety Trust.

16. Under the provisions of the Collective Bargaining Agreement, Defendant became a party to the Agreement and Declaration of Trust (the "Education and Safety Trust Agreement") that established the Ohio Operating Engineers Education and Safety Fund, and became bound by the terms and conditions set forth therein. The Collective Bargaining Agreement and the Education and Safety Trust Agreement contain provisions whereby Defendant agreed to make timely payments to the Education and Safety Trustees for each employee covered by these agreements.

17. Defendant has failed to make timely payments to the Education and Safety Trustees for each covered employee and has failed to perform the obligations imposed by the terms and conditions of the Collective Bargaining Agreement and the Education and Safety Trust Agreement.

18. The Trustees' audit disclosed unpaid contributions for the period December 1, 2015 to October 1, 2018, owed to the Education and Safety Trustees. Defendant is delinquent in making contributions to the Education and Safety Trustees in the total amount of $21.60.

COUNT IV

19. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 18 above as fully as if rewritten herein and further state that the Trust Agreements, the Collective Bargaining Agreement, and the rules and regulations adopted by the Pension and Health and

Welfare Trustees on May 26, 1989 and by the Education and Safety Trustees on April 25, 1989, specifically provide that the Trustees shall be entitled to recover interest of 1.5 percent per month (18 percent per annum) times the unpaid balance of delinquent contributions in addition to the unpaid contributions. The assessment of this interest is further authorized by 29 U.S.C. § 1132(g)(2)(B), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

20. Pursuant to the Trust Agreements, Collective Bargaining Agreement, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all three funds interest on the audit findings in the amount of $436.03, if paid on or before February 7, 2019, plus $1.67 per day thereafter that the audit findings remain unpaid, and interest on the unaudited delinquencies.

COUNT V

21. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 20 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's Collective Bargaining Agreement, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover statutory interest at the rate of 18 percent per annum on the unpaid contributions in addition to the unpaid contributions. The assessment of this statutory interest is further authorized by 29 U.S.C. § 1132(g)(2)(C), which provides that in any action brought by the fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions and interest under § 1132(g)(2)(B), an amount equal to the greater of

(i) interest on the unpaid contributions or (ii) statutory interest in an amount specified in the employee-benefit plan not in excess of 20 percent of the unpaid contributions.

22. Pursuant to the Trust Agreements, Collective Bargaining Agreement, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all three funds, in addition to the amounts specified in Counts I through V of this Complaint, an amount equal to the greater of (i) interest on the unpaid contributions or (ii) statutory interest on the unpaid audit findings, calculated at the rate of 18 percent per annum on the unpaid audit findings (up to a "cap" of 20 percent of the unpaid audit findings), which amount is presently $436.03, if paid on or before February 7, 2019, plus $1.67 per day thereafter that the audit findings remain unpaid and interest on the unaudited delinquencies.

COUNT VI

23. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 22 above as fully as if rewritten herein and further state that the Trust Agreements, Defendant's Collective Bargaining Agreement, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover all costs of collection, including reasonable attorneys fees, in addition to the delinquent contributions owed by Defendant. Further, 29 U.S.C. § 1132(g)(2)(D) specifically provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions, reasonable attorneys fees and costs of the action.

24. Pursuant to the Trust Agreements, Collective Bargaining Agreement, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all three funds reasonable attorneys' fees as set by the court and court costs.

WHEREFORE, Plaintiff Health and Welfare Trustees demands judgment against Defendant for the sum of $1,922.40, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

WHEREFORE, Plaintiff Pension Trustees demands judgment against Defendant for the sum of $1,440.00, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

WHEREFORE, Plaintiff Education and Safety Trustees demands judgment against the Defendant for the sum of $21.60, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

WHEREFORE, all Plaintiffs herein demand judgment against Defendant for interest in the amount of $436.03, if paid on or before February 7, 2019, plus $1.67 per diem for every day after February 7, 2019, in which the audit findings and/or monthly contributions remain unpaid, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid; and

WHEREFORE, all Plaintiffs herein demand judgment against Defendant for an amount equal to the interest on the unpaid contributions in the amount of $436.03, if paid on or before February 7, 2019, plus $1.67 per diem for every day after February 7, 2019 in which the audit findings and/or monthly contributions remain unpaid; plus all costs of collection including

reasonable attorneys' fees as fixed by the Court; plus court costs; and such other and further legal or equitable relief to which they may be entitled.

                                                  Respectfully submitted,

                                                  */s/ Daniel J. Clark*
                                                  Daniel J. Clark, Trial Attorney
Ohio Supreme Court No. 0075125
Elizabeth A. Cramer, Attorney
Ohio Supreme Court No. 0092409
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio  43216-1008
Telephone: (614) 464-6436
Fax: (614) 719-4650
Email: djclark@vorys.com
        eacramer@vorys.com

*Attorneys for Plaintiffs,*
*Carol A. Wilson, et al.*